JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18-4930

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KIA COOPER

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Colin P. Saltry, Esq. - Kreamer, Manes & Associates LLC
1628 JFK BLVD., SUITE 1650 PHILADELPHIA, PA 19103
215-475-3544

## DEFENDANTS
INSPIRITEC, INC.    18    4930

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101-12213 & 43 P.S. §§951-963
Brief description of cause:
the Americans with Disabilities Act ("ADA") & the Pennsylvania Human Relations Act ("PHRA")

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

NOV 14 2018

DATE: 11/13/2018
SIGNATURE OF ATTORNEY OF RECORD
Colin P. Saltry

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**18    4930**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 877 N Brooklyn Street, Philadelphia, PA 19104.

Address of Defendant: 340 N. 12th Street, Suite 108, Philadelphia, Pennsylvania 19107.

Place of Accident, Incident or Transaction: 340 N. 12th Street, Suite 108, Philadelphia, Pennsylvania 19107.

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/13/2018    Colin Saltry, Esq.    323464

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a ✓ in one category only)

**A. Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
☒ 11. All other Federal Question Cases
*(Please specify):* ADA & PHRA

**B. Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Colin Saltry, Esq., counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/13/2018    Colin Saltry, Esq.    323464    NOV 14 2018

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KIA COOPER | : | CIVIL ACTION |
| v. | : | 18 4930 |
| INSPIRITEC, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 11/13/2018 | Colin Saltry, Esq. | Kia Cooper |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-475-3544 | 215-449-3369 | SR@LawKM.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 14 2018



#400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIA COOPER<br><br>Plaintiff,<br><br>v.<br><br>INSPIRITEC, INC.,<br><br>Defendant. | Case No. 18  4930<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Kia Cooper, by and through her attorney, Colin Saltry, Esquire of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213, and the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §§951-963.

### II. Jurisdiction and Venue

2. This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under the ADA on February 1, 2018, under charge number 530-2018-02038. *See Exhibit 1.*

5. Plaintiff was mailed Notice of Right to Sue from the EEOC on August 16, 2018. The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, this making this action timely. *See Exhibit 2*

### III. Parties

6. Plaintiff, Kia Cooper ("Plaintiff"), is an adult individual who currently resides at 877 N Brooklyn Street, Philadelphia, PA 19104.

7. Defendant, Inspiritec, Inc. (hereinafter "Defendant") is a non-profit business located at 340 N. 12th Street, Suite 108, Philadelphia, Pennsylvania 19107.

### IV. Facts

8. Plaintiff began working for Defendant as a Customer Service Representative on or about December 14, 2015.

9. On February 14, 2017, Plaintiff was diagnosed with anxiety and depression. Plaintiff immediately notified her supervisor, Kelly Devine, of her diagnosis.

10. In response, Defendant's supervisor, Ms. Devine, stated "that's not my business" and told Plaintiff to discuss her diagnosis with her case manager, Kathleen Cassidy.

11. Defendant's supervisor, Ms. Devine stopped communicating with Plaintiff and became hostile toward her.

12. Plaintiff typically worked 9:00 a.m. to 5:00 p.m.

13. In late April or early May 2017, Defendant's supervisor, Ms. Devine began forcing Plaintiff to stay late to "clear the call queue" every day.

14. Plaintiff's co-workers, none of whom were disabled or regarded as being disabled, were permitted to leave for the day if they if did not have a call by 5:00 p.m.

15. Plaintiff was the only employee who had to stay past her scheduled shift to close out the call queue.

16. On June 28, 2017, Plaintiff was experiencing severe back pain while at work and took an Uber to Jefferson Urgent Care.

17. Plaintiff was examined and diagnosed with sciatica, a painful nerve condition which causes excruciating pain and limits motion.

18. Sciatica cannot be instantly "cured"; instead it requires days, weeks, or months of stretching to relieve the nerve pain to more a more manageable level.

19. Plaintiff was prescribed muscle relaxers and was released to return to work two days later.

20. Plaintiff submitted a doctor's excuse along with accommodations including a request to take more breaks to stand up and stretch and to use a heating pad as needed. She was also scheduled to take yoga classes offered by Defendant to ease the sciatica pain.

21. Due to the severe pain, Plaintiff took a longer time to return from restroom breaks. On one occasion, a Team Lead approached Plaintiff and said "do you know you're late?". Plaintiff replied that she is limping and cannot move quickly.

22. Plaintiff did not report to work on July 25, 2017 and July 26, 2017 due to sciatica pain that was so severe that she was unable to walk or stand.

23. Plaintiff was terminated on July 27, 2017 for attendance issues arising out of her disability.

## V. Causes of Action

### Count I
### Violations of the ADA
### (Disability Discrimination, Failure to Accommodate and Retaliation)

24. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

25. At all times relevant herein, Plaintiff suffered from anxiety, depression, and sciatica.

26. As a result of her disability, Plaintiff requested reasonable accommodations, including breaks to stand up and stretch and the ability to use a heating pad as needed.

27. Defendant did not engage in any meaningful interactive process with respect to Plaintiff's disability, and in doing so, failed to offer any reasonable accommodations.

28. Defendant retaliated against Plaintiff insofar as Defendant terminated Plaintiff within a close temporal proximity of Plaintiff's request for reasonable accommodations.

29. The above actions constitute violations of the ADA.

### Count II
### Violations of the PHRA
### (Disability Discrimination, Failure to Accommodate and Retaliation)

30. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

31. Plaintiff re-asserts and re-alleges each and every allegation set forth in Count I of this Complaint, as said actions also constitute violations of the PHRA.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including:

lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

_/s/ Colin P. Saltry_

Colin Patrick Saltry, Esq.
PA ID: 323464
**KRAEMER, MANES & ASSOCIATES LLC**
8 Penn Center
1628 JFK Blvd., Suite 1650
Philadelphia, PA 19103
(215) 475-3544 Direct
(215) 853-3665 Fax
cs@lawkm.com